## BOROUGH OF ULYSSES

v.

## Barry J. MESLER, Appellant.

Commonwealth Court of Pennsylvania.

Submitted Nov. 6, 2009.

Decided Dec. 18, 2009.

---

Barry Mesler, appellant, pro se.

Stephen P.B. Minor, Port Allegany, appellee.

BEFORE: McGINLEY, Judge, and BUTLER, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge BUTLER.

Barry J. Mesler (Mesler) appeals the May 13, 2009 order of the Court of Common Pleas of Potter County (trial court) ejecting him from a tract of real property (the tract) in favor of the Borough of Ulysses (Borough), formerly known as the Borough of Lewisville.[1] The issue before us is whether the trial court erred in ejecting Mesler from the tract in favor of the Bor-

---

1. Generally, jurisdiction over an appeal from an ejection action lies with the Pennsylvania Superior Court. *See* Sections 742 and 762 of the Judicial Code, 42 Pa.C.S. §§ 742 (relating to jurisdiction of the Superior Court over appeals from courts of common pleas), 762 (relating to the jurisdiction of the Commonwealth Court). Pursuant to Pa.R.A.P. 741, however:

> [t]he failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules

for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court.

Since the Borough has not objected to the jurisdiction of this Court over this matter, it has waived such an objection. In the interest of judicial economy, this Court will decide the merits of the appeal.

ough. Mesler argues on appeal that the trial court erred by: denying him a jury trial, changing the meaning of J.W. Spencer's express conveyances, voiding a contractual agreement due to a perceived ambiguous error, relying on a survey not physically conducted, and awarding the Borough a presumptive grant. Based upon the following, we affirm the order of the trial court.

Initially, we recognize that the southern line of Mesler's property meets the northern line of the Borough's property. Both properties are bordered on the east by Main Street. In 1920, the Grange National Bank deeded the property to the north of the boundary line to J.W. Spencer. The relevant history of how the Borough ultimately came to own its property south of the boundary line can be traced back to 1925.

In 1925, due to overcrowding at the vocational high school of the School District of Lewisville Borough (School District), it was determined that an auditorium needed to be built. Since the School District did not have the financial means to pay for the addition, bondholders agreed to furnish the money to build it, and the School District agreed to rent it from the bondholders until the bonds were retired. By Memorandum Agreement dated December 17, 1925 (1925 Agreement), the bondholders identified George Nickerson (Nickerson) as trustee for the purpose of acquiring and holding title to the real estate and carrying out the purposes of the 1925 Agreement. In 1926, the Grange National Bank deeded the property to the south of the boundary line to Nickerson pursuant to the 1925 Agreement. In 1929, a similar deed was recorded, the only difference being that it more specifically named as grantee, Nickerson as trustee

for the School District and the bondholders in accordance with the 1925 Agreement. When Nickerson died, pursuant to the 1925 Agreement, Wilbur Wagner and, thereafter, L.W. Angood were designated trustees. After the terms of the 1925 Agreement had been satisfied, on July 3, 1956, L.W. Angood deeded the tract to the School District. On December 4, 1962, the School District deeded the tract to the Borough of Lewisville.

The tract at issue here is real property measuring approximately 138 feet by 22 feet. In 1926, J.W. Spencer deeded the tract to the School District so that the School District could complete the auditorium construction. In 1932, J.W. Spencer conveyed his other property north of the boundary line, but specifically excluded the 138 by 22 foot tract previously transferred to the School District. The tract deeded to the School District by J.W. Spencer was specifically excluded from every deed conveying the remaining portions of J.W. Spencer's parcels from that time through the time that Mesler purchased his property in 1993. Notwithstanding, in 1999, Mesler began obstructing the Borough's access to the property.

On February 17, 2005, the Borough filed a complaint against Mesler seeking an order that Mesler remove all obstacles to the public's use of a driveway over Mesler's land. On August 15, 2008, the Borough filed an amended complaint adding to its claims an ejectment action against Mesler seeking a determination that the Borough owns the tract. A nonjury trial was held before the trial court on April 6, 2009. On May 13, 2009, the trial court ordered that the Borough was the owner of the tract, and that Mesler was to cease any occupancy, interference or obstruction of it. Mesler appealed to this

Court.[2]

■ On appeal, Mesler argues that the trial court erred by denying him a jury trial in this case. Mesler did not raise this issue before the trial court and, despite identifying it in his brief as a question on appeal, he did not further address it in his brief. "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302. Moreover, Pa.R.A.P. 2119(a) requires that an argument "shall be divided into as many parts as there are questions to be argued ... followed by such discussion and citation of authorities as are deemed pertinent." The courts deem waived issues raised in a statement of questions involved but not thereafter addressed in the argument. *Moses Taylor Hosp. v. White*, 799 A.2d 802, 804 (Pa.Super.2002). Accordingly, Mesler's objection to the trial court's denial of his request for a jury trial is waived.

■ The remaining issues raised by Mesler on appeal are substantive, and relate to whether the trial court erred in ejecting Mesler from the tract in favor of the Borough. "Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession." *Billig v. Skvarla*, 853 A.2d 1042, 1049 (Pa.Super.2004) (citing *Soffer v. Beech*, 487 Pa. 255, 409 A.2d 337 (1979)). Specifically,

> to support an action in ejectment, the evidence must be sufficient to identify the land in dispute and establish the plaintiff's right to possession thereof. The burden of identifying and locating the land clearly rests upon the plaintiff.

In this regard, plaintiff has the burden of presenting definite and certain evidence of the boundary of the property in controversy.

*Hallman v. Turns*, 334 Pa.Super. 184, 482 A.2d 1284, 1288 (1984) (citations omitted). "[A] preponderance of the evidence is sufficient to establish that boundary." *Id.* Since the Borough here claims to have title to the land over which Mesler appears to have possession, the Borough has the burden of proving that it holds a deed purporting to transfer that title to the Borough.

At the heart of the issue in this case is J.W. Spencer's description of the 138 by 22 foot tract in his conveyance to the School District. While J.W. Spencer only owned property to the north of the boundary line, a strict reading of the description makes it appear that he was transferring property to the south of the boundary line to the School District as follows:

> [b]eginning in the center of Main Street 309 feet 10 inches North from a corner at the intersection of [M]ain and Academy Sts., **thence east** one hundred thirty eight (138) feet to an iron post; **thence south** twenty two (22) feet to an iron post; **thence west** one hundred thirty eight (138) feet to the center of Main Street; **thence north** twenty two (22) feet to the place of beginning.

Part of the consideration of this conveyance is ... that neither [Nickerson as trustee,] or his successors or assigns shall erect on the above described lot any building whatsoever except an extension of the auditorium now in process of construction upon the property of the

---

**2.** An appellate court's "role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law." *Amerikohl Mining Co., Inc. v. Peoples Natural Gas Co.*, 860 A.2d 547, 549 (Pa.Super.2004) (quoting *Baney v. Eoute*, 784 A.2d 132, 135 (Pa.Super.2001)).

Grantee adjoining the property hereby conveyed upon the south. Upon any violation of this engagement the property hereby conveyed shall revert to the grantors, their heirs or assigns.

Notes of Testimony, April 6, 2009 (N.T.), at 28, 32, 36, Borough Exs. 3 (Deed Book 101 Page 435, dated July 26, 1926; Deed Book 107 Page 184, dated January 23, 1929 (emphasis added)), 4.

In order to prove its ownership of the tract, and to support its claims that it has regularly used and occupied the property since 1962, the Borough presented deeds tracing the properties of the Borough and Mesler from as far back as 1919 and 1913, respectively. Borough Exs. 3–6. The Borough also presented the testimony of Penny Gavitt (Gavitt), who researched the chains of title for both the Borough and Mesler properties. Gavitt testified that, in 1926, J.W. Spencer deeded a tract of real property so that the School District could expand its auditorium. N.T. at 27. She stated that, in 1932, when J.W. Spencer deeded his remaining property north of the boundary line, he did so, "excepting and reserving" the 138 by 22 foot tract he already deeded to the School District in 1929. N.T. at 30–31, Borough Exs. 5, 6 Deed Book 113 Page 510, dated September 14, 1932. In fact, in every deed from that time through the time that Mesler purchased his property in 1993, the language excepting and reserving the 138 by 22 foot tract already deeded to the School District is reflected. N.T. at 31–32, Borough Ex. 6. Finally, Gavitt stated that the Borough is the party currently assessed for the property in question. N.T. at 33.

The Borough also presented the testimony of Alan Acker, a licensed title insurance agent who reviewed Gavitt's title work. He, likewise, concluded that the Borough owns the subject property based on the fact that the conveyance to the Borough and the parcel excepted and reserved from the Mesler property are the same, and J.W. Spencer could not have conveyed property south of his boundary line that he did not own. N.T. at 56–69.

K. Robert Cunningham (Cunningham) testified that his company prepared a survey of the subject property on August 20, 1996 based upon its independent research. N.T. at 42–44, Borough Ex. 1. Despite Mesler's claim that the trial court erred by relying on a survey not physically conducted, the evidence presented at trial was that Cunningham's survey was, in fact, based upon a field visit. N.T. 42–43, 46. Cunningham concluded that, if the deeds are read literally, the Mesler and Borough properties would overlap one another, and the School District's auditorium (which eventually became the Borough's community building) would extend onto Mesler's land. N.T. at 43, 45. In addition, J.W. Spencer's deed references match the description of the property excepted and reserved from Mesler's chain of title property if the north and south references are flipped. N.T. at 44–45, 49–50. Based upon the foregoing, Cunningham determined that, in his professional opinion, while there is an error in the J.W. Spencer deeds, title to the tract lies with the Borough. N.T. 43–45, Borough Ex. 1.

Finally, in support of its contention that it has regularly used and occupied the property since 1962, the Borough presented the testimony of Jerry McCaslin (McCaslin), a Borough resident and long-time Borough councilman, who testified that the survey prepared by Cunningham depicts the property owned by the Borough, upon which the community building sits. N.T. at 5, Borough Ex. 1. The property was initially used by the School District, and then ultimately by the Borough. N.T. at 3. As far back as McCaslin can recall, the Borough has used the driveway

extending between Main Street and Mesler's property to access the parking lot to the rear of the community building. N.T. at 6–8. The Borough plowed, cindered and maintained the driveway until Mesler began obstructing it in 1999. N.T. at 8–9. Borough witness, William Lincoln, who delivered Meals On Wheels from the Community building several times a week beginning in 1981, stated that the driveway was improved by the Borough in 1982. N.T. at 73–75.

At trial, Mesler presented only a 1981 news article about the Borough's community center, and his own statement. His position is that the deed by which J.W. Spencer conveyed land to the trust for the School District in 1926 was "nothing more than a right of way to facilitate the addition," that the trust was ended by July of 1956, that J.W. Spencer did not intend for the School District to have unfettered ownership of the land, and, that by transferring it to the Borough, which improved the driveway, the deed was violated, became void and reverted to J.W. Spencer, so no presumptive grant to the Borough can be inferred. N.T. at 77–79, Mesler Exs. 1, 2; Mesler Br. at 9, 11. Mesler provided no factual or legal support for his conclusion.

The Pennsylvania Supreme Court has declared that, when a deed transfer is made, it is presumed that the parties intended a reasonable result by the conveyance. *Bokoch v. Noon*, 420 Pa. 80, 215 A.2d 899 (1966). Moreover, this Court has held:

> The primary object of the court in construing a deed is to ascertain and effectuate the intention of the parties. In ascertaining and effectuating the intentions of the parties, courts examine the language of the entire deed and consider the subject matter, and the apparent object or purpose of the parties and

conditions existing at the time the deed was executed.

*In re Condemnation by County of Allegheny of Certain Coal, Oil, Gas, Limestone, Mineral Props.*, 719 A.2d 1, 4 (Pa.Cmwlth. 1998) (citation omitted). Here, the trial court declared that, even though the subject deeds "are not models of clarity," the parties' intentions can be ascertained from them. *Borough of Ulysses v. Barry J. Mesler and Brenda L. Mesler* (No. 98 of 2005, filed May 14, 2009), slip op. at 5. We agree.

It is clear from this record, that if the descriptions in the J.W. Spencer deeds to the School District are deemed accurate, then J.W. Spencer conveyed property to the School District that the School District already owned. If, however, the descriptions in the deeds and agreements are considered in light of the suggested scrivener's error, then what was intended by the parties becomes far more reasonable.

> The findings of the trial judge in a nonjury case must be given the same weight and effect on appeal as the verdict of a jury, and the findings will not be disturbed on appeal unless predicated upon errors of law or unsupported by competent evidence in the record. Furthermore, [the courts'] standard of review demands that we consider the evidence in a light most favorable to the verdict winner.

*Baney v. Eoute*, 784 A.2d 132, 135 (Pa.Super.2001) (citation omitted). Mesler did not support his theory that the tract reverted to J.W. Spencer or his assigns when the School District transferred the tract to the Borough, or when the Borough improved the driveway in order to access the tract. Moreover, there is nothing in the record to suggest, as Mesler avers on appeal, that the trial court changed the meaning of J.W. Spencer's express convey-

ances, or voided any contractual agreement when it found the Borough's evidence persuasive.

Viewing the evidence in this case in a light most favorable to the Borough, we hold that the Borough established, by a preponderance of the competent evidence of record, that it holds the title to the tract.[3] The trial court, therefore, properly directed Mesler to cease his occupancy and interference of the Borough's use and enjoyment thereof. Since the findings of the trial court are supported by competent evidence, and it committed no error in its application of the law, we affirm its decision.

## ORDER

AND NOW, this 18th day of December, 2009, the May 13, 2009 order of the Court of Common Pleas of Potter County is affirmed.

---

**3.** Mesler also argues on appeal that the trial court erred by awarding the Borough a presumptive grant of the subject property in favor of the Borough. The trial court did, in fact, state that, "even without considering the scrivener's error issue, there is a presumptive grant in favor of the Borough." *Borough of Ulysses v. Barry J. Mesler and Brenda L. Mesler* (No. 98 of 2005, filed May 14, 2009), slip op. at 6. It is clear by its wording, however, that the trial court made that determination only in the alternative to its primary ruling. Since we have determined that the Borough satisfied its burden of showing ownership *via* the deeds and agreements, the issue of whether there was a presumptive grant of the property in favor of the Borough is moot.