**Murphy v. Frie**

300

*Alan Brian Jones*, for plaintiffs
*John J. Brier*, for defendant Christopher J. Frie
*Paul G. Lees*, for defendant Taylor Primitive Methodist
Church

NEALON, *J.*, August 15, 2013—

## NON-JURY VERDICT PURSUANT TO PA.R.C.P. 1038

On August 18, 2011, plaintiffs, Dennis J. Murphy and Mary A. Murphy ("the Murphys"), filed this ejectment

and trespass action against their neighbors, defendant, Christopher J. Frie ("Frie"), and defendant, Taylor Primitive Methodist Church ("the Church"), seeking to compel Frie and the Church to remove alleged encroachments upon the Murphys' property and to pay damages to the Murphys for alleged trespass upon their property. After a certificate of readiness was filed on February 25, 2013, the court administrator assigned this non-jury matter to the undersigned and scheduled a status conference on March 28, 2013. At the conclusion of that conference, an order was issued scheduling this matter for a non-jury trial on August 6, 2013. On that date, testimony was received from a professional surveyor, George J. Dunda; the Murphys introduced seven exhibits into evidence; and Frie and the Church offered eight joint exhibits into evidence. The findings of fact set forth below are based upon the competent, credible and relevant evidence submitted during the non-jury-trial.

## I. FINDINGS OF FACT

1. The Murphys are the owners of property located at 1003 Oak Street, Taylor, Pennsylvania. The Murphys' chain of title for their Oak Street property is as follows: deed dated September 26, 2008, from Charles McAndrew and Florence D. McAndrew to Dennis J. Murphy and Mary A. Murphy; deed dated May 9, 2007, from Wachovia Bank, N.A. to Florence D. McAndrew and Charles McAndrew; sheriff's deed dated April 17, 2007, from Sheriff John Szymanski to Wachovia Bank, N.A., pursuant to a sheriff's sale conducted on February 6, 2007, upon a writ of execution issued in *Wachovia Bank, N.A. v. Helen J. LaCapra and Alan M. LaCapra*, No. 06 CV 2557 (Lacka. Co.); deed dated June 20, 1997, from

Ann Madura to Helen J. LaCapra and Alan M. LaCapra; deed dated August 6, 1973, from Roger L. Perwein and Ann L. Perwein to Ann Madura; deed dated October 16, 1964, from Charles Bichler and Leona Bichler to Roger L. Perwein and Ann L. Perwein; deed dated August 5, 1963, from Parmoff Corporation and Moffat Coal Company, Inc. to Charles Bichler and Leona Bichler. (Plaintiffs' exhibits nos. 1-7).

2. The dimensions and boundaries of the Murphys' property are set forth in their deed dated September 26, 2008, as follows:

ALL that certain lot, piece, parcel or tract of land situate, lying and being in the Sixth Ward of the Borough of Taylor, County of Lackawanna, and State of Pennsylvania, bounded and described as follows, to wit:

BEING all of Lot No. 1 on Bichler's plot of Lots No. 2, further described as follows:

BEGINNING at a corner in the Southerly side line of Oak Street extended, said corner being the most Northerly corner of the Taylor Primitive Methodist Church land;

THENCE along the Westerly side line of the said Taylor Primitive Methodist Church lands parallel to the Westerly right-of-way line of State Highway Route 35049 (known or called Keyser Avenue, formerly called Back Road) in the Southwesterly direction One hundred (100) feet to a corner;

THENCE along the Southerly side line of said Taylor

Primitive Methodist Church lands in a Southeasterly direction on a radial line to a 00 degrees 45 minutes curve to the left eight (08); set to a corner; said corner being the most Northerly corner of a parcel of surface conveyed by Moffat and Company to Joseph Novotka by Deed dated September 8, 1960, recorded in Lackawanna County Deed Book 577, page 377;

THENCE along the Westerly side line of the parcel of surface conveyed to Joseph Novotka Twenty (20) feet to a point, a common boundary of Lots 1 and 2;

THENCE in a Northwesterly direction One Hundred Twelve (112) feet to a point on a proposed street;

THENCE along said proposed street in a Northeasterly direction Ninety-four (94) feet more or less to Oak Street extended;

THENCE along Oak Street extended in a Southeasterly direction One Hundred (100) feet more or less to the place of beginning.

SUBJECT to the same exceptions and reservations contained in the deeds in the line of title.

BEING the same premises conveyed by WACHOVIA bank, N.A., to the Grantors herein, by Deed dated May 9, 2007 and recorded in the Recorder of Deeds Office in and for Lackawanna County, Instrument Number 200717715.

Tax Map No. 15514-040-017

(Plaintiffs' exhibit no. 1).

3. The Church is the owner of property at 153 South

Keyser Avenue, Taylor, Pennsylvania, by virtue of two conveyances of land to the Church by the Delaware, Lackawanna and Western Railroad Company and the Moffat Coal Company, Inc. Specifically, by deed dated June 12, 1884, the Delaware, Lackawanna and Western Railroad Company conveyed a parcel of land situated at the intersection of Oak Street and State Route 35049, which was then known as Back Road and is currently known as Keyser Avenue. (Defendants' exhibit nos. 1, 6). In addition, the Church acquired the adjacent property on Keyser Ave via a deed dated September 8, 1960, from Robert Y. Moffat, Grace Moffat Compton, Robert Y. Moffat, Jr., Moffat & Company, and Moffat Coal Company, Inc. to the Church. (Defendants' exhibits nos. 2, 6).

4. The legal description of the property that was conveyed to the Church by the Delaware, Lackawanna and Western Railroad Company on June 12, 1884, is as follows:

A lot or piece of land situate in Lackawanna Township, in Lackawanna (late Luzerne) County, State of Pennsylvania, described as follows: Beginning at the most easterly corner on the West side of the Back Road between "Archbald" and "Pyne" shafts and the Lane leading to the Mountain; thence along the Westerly side of said Back Road South, sixty three and three quarters (63-3/4) degrees West, seventy two and three tenths (72-3/10) feet to a corner; thence North, twenty six and one quarter (26-1/4) degrees West, One hundred and fifty (150) feet to a corner; thence North, sixty three and three quarters (63-3/4) degrees East, twenty seven and seven tenths (27-7/10) feet to the west side

of the lane to the mountain; thence along the West side of said lane South, Forty two and three quarters (42-3/4) degrees East, One hundred and fifty six and forty nine one hundredths (156-49/100) feet to the place of beginning. Containing seven thousand five hundred (7500) square feet of land, be the same more or less.

(Defendants' exhibit no. 1). The dimensions and boundaries of the property that was conveyed to the Church by Moffat Coal Company, Inc., on September 8, 1960, are as follows:

That certain lot, piece, parcel or tract of land, situate, lying and being in the 6th Ward, Borough of Taylor, County of Lackawanna, and State of Pennsylvania, bounded and described as follows, to wit:

Beginning at a corner in the westerly right of way line of State Highway Route 35049 (known or called Keyser Avenue, formerly called Back Road), said corner being distant 72.30 feet on a course South 63 degrees 45 minutes West as measured along said Westerly right of way line of State Highway Route 35049 from the southerly side line of Oak Street projected (formerly called Lane to West Mountain), said corner also being the southerly side line projected of a parcel of surface conveyed by the Delaware, Lackawanna and Western Railroad Company to the Primitive Methodist Church of the United States by deed dated June 12, 1884, recorded in Lackawanna County Deed Book 197, page 160, thence

(1) along the aforesaid westerly right of way line of State Highway Route 35049 on a 0 degree 45 minutes curve to the left in a southwesterly direction, an arc distance of 75 feet to a corner, thence

(2) across lands of Moffat and Company by the following courses and distances:

On a radial line of the aforesaid 0 degree 45 minutes curve to the left in a northwesterly direction about 158 feet to a corner, thence parallel to the aforesaid westerly right of way line of State Highway Route 35049 in a northeasterly direction along a curve to the right, an arc distance of about 75 feet to a corner, said corner being the most northwesterly corner of the aforesaid parcel of surface conveyed by the D.L. & W. Railroad Company to the Primitive Methodist Church, thence

(3) along the aforesaid southerly side line of the parcel of surface conveyed by the D.L. & W Railroad Company to the Primitive Methodist Church in a southeasterly direction about 158 feet to a corner, the place of beginning.

Containing 0.27 acres, be the same more or less.

(Defendants' exhibit no. 2)

5. Frie is the owner of property located at 149 South Keyser Avenue, Taylor, Pennsylvania, which is located adjacent to the Church's property at 153 South Keyser Avenue. (Defendants' exhibit no. 6). As per the deed dated June 26, 2006, from Ruth Salidis to Christopher J. Frie, the legal description of the property that was conveyed to Frie is as follows:

All the surface or right of soil of that certain lot, piece or parcel of land situate in the Sixth Ward of the Borough of Taylor, County of Lackawanna and State of Pennsylvania, bounded and described as follows:

Beginning at a point in the westerly right-of-way line of State Highway Route 35049 known as Keyser Avenue and formerly called Back Road, distance one hundred forty-seven and thirty-one hundredths (147.31) feet southwesterly from the intersection of the southerly side of Oak Street projected and the westerly right-of-way of said State highway Route #35049, being a corner of lands of the Taylor Primitive Methodist Church;

Thence, in a westerly direction along the right-of-way line of State Highway Route #35049 on a 0° 45' curve to the left an arc distance of seventy (70) feet to a corner;

Thence, in a northwesterly direction on a radial line of said 0° 45' to the left a distance of one hundred fifty (150) feet to a corner;

Thence, in a northeasterly direction parallel with the aforesaid westerly right-of-way line of said Highway Route #35049 on a curve to the right a distance of seventy (70) feet or thereabouts to a corner on the aforesaid lands of the Taylor Primitive Methodist Church, and

Thence, in a southeasterly direction along line of said lands of the Taylor Primitive Methodist Church, being along a radial line of said 0° 45' curve a distance of one hundred fifty (150) feet to the place of beginning.

(Defendants' exhibit no. 3).

6. The Murphys' property is located at the intersection of Oak Street and Mackie Lane, Taylor, and the rear or southern edge of the Murphys' property abuts the rear or northern edges of the properties owned by the Church and

Frie. (Defendants' exhibit no. 6).

7. At the time that the Church's property at the corner of Oak Street and Keyser Avenue was conveyed to the Church by the Delaware, Lackawanna and Western Railroad Company on June 12, 1884, Keyser Avenue was known as Back Road. (Defendants' exhibit No. 1). In 1938, the Commonwealth of Pennsylvania, Department of Highways reconfigured State Highway 35049 (Keyser Avenue/Back Road) to straighten that roadway and reduce its curvature in the vicinity of the Church's property. (Defendants' exhibit no. 7-8). As a result of that alteration of the roadway, the macadam roadway constituting Keyser Avenue was moved slightly in a southeasterly direction such that the original northern edge of the former Back Road now serves as an unpaved shoulder or berm of Keyser Avenue directly in front of the Church's property. (Defendants' exhibit no. 6).

8. The 1938 reconstruction of State Highway Route 35049, which adjusted the Keyser Avenue roadway in a southeasterly direction for a distance scaling ten to twenty five feet along the properties located in the 100 block of South Keyser Avenue, did not change or relocate the northern property lines of the Church or Frie.

9. Although the Murphys instituted this action and alleged that the Church and Frie have encroached upon their property by placing a flower garden, trampoline, horseshoe pits and shrubbery on the Murphys' land, the Murphys have never produced a survey supporting their claims with respect to the claimed boundaries of their property. It appears from the record that the Murphys erroneously measured the dimensions of the property

that is owned by the Church and Frie by utilizing the current edge of the Keyser Avenue roadway rather than the original points of reference based upon the location of the former Back Road.

10. The survey performed by George J. Dunda, which is based upon visible iron pins that are situated on the Murphys' property and the lands of their neighbors, is accepted as competent and credible. (Defendants' exhibit no. 6).

11. The correct dimensions of the Murphys' property, which was formerly Lot No. 1 on Bichler's plot of Lots No. 2, begin on the southerly sideline of Oak Street, extend along the westerly sideline of the Church's land in a southwesterly direction for 102.70 feet, then along the southerly sideline of the Church's land in a southeasterly direction for eight feet, then along the westerly sideline of Frie's land for twenty feet, then in a northwesterly direction for one hundred and twelve feet towards Mackie Lane, then along that lane in a southeasterly direction for 98.67 feet towards Oak Street, and then along Oak Street in a southeasterly direction for 107.05 feet to an existing iron pin. (Defendants' exhibit no. 6).

12. The Dunda survey establishes that, with the exception of a fifty six (56) square foot triangular portion of the Church's flower garden, the Murphys' encroachment claims are unfounded and without any basis in law or fact. (*Id.*).

## II. DISCUSSION.

"An action in ejectment can be a proper remedy for the recovery of land unlawfully encroached upon." *Big Bass*

*Community Association v. Warren*, 950 A.2d 1137, 1146 n. 12 (Pa. Cmwlth. 2008). Plaintiffs in an ejectment action bear the burden of proving, by a preponderance of the evidence, their right to immediate exclusive possession of the property, and such "[r]ecovery can be had only on the strength of their own title, not the weakness of defendant's title." *Riverwatch Condominium Owners Association v. Restoration Development Corporation*, 980 A.2d 674, 681-682 (Pa. Cmwlth. 2009), *app. denied*, 603 Pa. 711, 985 A.2d 220 (2009); *Haan v. Wells*, 2013 WL 3119996, at *3 (Lacka. Co. 2013). "Ejectment is an action filed by a plaintiff who does not possess the land but has the right to possess it, against a defendant who has actual possession." *Wells Fargo Bank v. Long*, 934 A.2d 76, 78 (Pa. Super. 2007); *Durdach v. Revta*, 2011 WL 7272290, at *3 (Lacka. Co. 2011), *aff'd*, 64 A.3d 268 (Pa. Super. 2013). To sustain an action in ejectment, "the evidence must be sufficient to identify the land in dispute and establish the plaintiff's right to possession thereof," and "[t]he burden of identifying and locating the land clearly rests upon the plaintiff." *Borough of Ulysses v. Messler*, 986 A.2d 224, 227 (Pa. Cmwlth. 2009).

The Murphys failed to produce any survey evidence in support of the significant encroachments that they have alleged in their complaint. As noted above, the nominal area of encroachment consists of a small triangular patch of a flower garden that measures 14 ft. x 8 ft. x 16 ft. for a total area of fifty-six square feet. The Murphys have not demonstrated their right to possession of any other land that is occupied by the Church or Frie. Consequently, the Murphys' request for ejectment relief will be granted only with respect to the aforementioned triangular, fifty-six

square ft. patch of land.

The Murphys also seek damages from the Church and Frie as a result of the Church's erection of a trampoline and two horseshoe pits which the Murphys allege are positioned on their property. (Docket entry no. 1 at ¶¶32-35). One who intentionally enters the property of another without the privilege to do so is chargeable with trespass. *Kopka v. Bell Telephone Company of Pennsylvania*, 371 Pa. 444, 450, 91 A.2d 232, 235 (1952); *Woodham v. Dubas*, 256 Fed. Appx. 571, 576 (3d Cir. 2007). Pennsylvania has adopted the Restatement (Second) of Torts §158 which imposes liability for trespass if the intruder enters or remains on the land of another without consent. *Rawlings v. Bucks County Water Sewer Authority*, 702 A.2d 583, 586 (Pa. Cmwlth. 1997). It is immaterial whether the trespass is committed willfully and with the intent to invade another's interest, and a defendant is liable for trespass which is the product of an innocent mistake based upon the trespasser's honest or reasonable belief that the property in question is his/her own. *Kopka, supra*. To succeed with a trespass claim, "there must be in the plaintiff either actual possession or the right to immediate possession flowing from the right of property; and [s]he must have been deprived of it by the tortious act of another." *Florig v. Estate of O'Hara*, 912 A.2d 318, 327 n.13 (Pa. Super. 2006), *app. denied*, 593 Pa. 740, 929 A.2d 1162 (2007).

The credible survey evidence established that the horseshoe pits and the trampoline are not located on the Murphys' property. Except for the triangular, fifty-six square foot piece of land identified above, there has been no encroachment by the Church or Frie on the Murphys' property. Moreover, the Murphys have not presented any

evidence of harm or damages that they allegedly suffered as a result of that nominal encroachment. As a result, a verdict will be entered in favor of the Church and Frie and against the Murphys with respect to the Murphys' trespass claims.

And now, this 15th day of August, 2013, upon consideration of the competent, relevant and credible evidence introduced during the non-jury trial on August 6, 2013, and based upon the factual findings and legal discussions set forth above, it is hereby ordered and decreed that:

1. With regard to plaintiffs' action in ejectment, a verdict is entered in favor of plaintiffs, Dennis J. Murphy and Mary A. Murphy, and against defendants, Christopher J. Frie and Taylor Primitive Methodist Church, only with respect to the triangular, fifty-six (56) square foot piece of land that is identified on the professional land survey of George J. Dunda, (Defendants' exhibit no. 6), and which was measured by Mr. Dunda during his testimony on August 6, 2013. In all other respects, a verdict is entered in favor of defendants, Christopher J. Frie and Taylor Primitive Methodist Church, and against plaintiffs, Dennis J. Murphy and Mary A. Murphy, relative to the action in ejectment; and

2. A verdict is entered in favor of defendants, Christopher J. Frie and Taylor Primitive Methodist Church, and against plaintiffs, Dennis J. Murphy and Mary A. Murphy, with regard to plaintiffs' trespass claims.