IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Souffrant, : 
        Petitioner : 
  : 
    v. :   No. 1008 C.D. 2024
  :   Submitted: October 7, 2025
Pennsylvania State Police (Office : 
of Open Records), : 
        Respondent : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
                HONORABLE STACY WALLACE, Judge
                HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT          FILED:  November 20, 2025

Kevin Souffrant (Requester), *pro se*, petitions for review of a final determination of the Office of Open Records (OOR) denying his records request under the Right-to-Know Law.[1]  In doing so, the OOR affirmed the decision of the Pennsylvania State Police (State Police) to deny Requester's request for laboratory reports generated in the course of a criminal investigation as exempt from disclosure. On appeal, Requester contends that the State Police did not meet its burden of proving an exemption under the Right-to-Know Law, asserting that the government is required to provide exculpatory evidence to a criminal defendant.  We affirm.

Requester is incarcerated at the State Correctional Institution at Phoenix.  On April 18, 2024, the State Police received his written request for the following information:

> I am respectfully requesting a full, complete, and unedited copy of all forensic testing result of everything tested for case numbers

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

2313-2013, 2314-2013, and Report Number 1303-008519. I would like to receive a copy of your findings for, but not limited to the class-ring, the finger clippings, the swabs of the victim's anus and vagina, the hair net, and of any other evidence, which was subjected to testing. Please respond to me at your earliest convenience. Thanking you in advance for your time and assistance to this important matter.

Certified Record (C.R.), OOR Exhibit 1 at 12.

By letter of May 28, 2024,[2] the State Police acknowledged that it possessed four lab reports[3] associated with Incident No. 1303-008519. However, the State Police denied the request as exempt from disclosure because, if disclosed, the records would reveal the progress or result of a criminal investigation. C.R., OOR Exhibit 1 at 6. In support, the State Police cited Section 708(b)(16) of the Right-to-Know Law which states, in relevant part, as follows:

> (b) Exceptions.--Except as provided in subsections (c)[ (relating to financial records)] and (d)[ (relating to aggregated data)], the following are exempt from access by a requester under this act:
>
> . . . .
>
>> (16) A record of an agency relating to or resulting in a criminal investigation, including:
>>
>> . . . .
>>
>>> (ii) Investigative materials, notes, correspondence, videos and reports.
>>>
>>> . . . .
>>>
>>> (v) Victim information, including any information that would jeopardize the safety of the victim.
>>>
>>> (vi) A record that, if disclosed, would do any of the following:

<hr/>

[2] On April 25, 2024, the State Police advised Requester that it would need an additional 30 days to review the matter, as permitted by Section 902(b) of the Right-to-Know Law, 65 P.S. §67.902(b).

[3] The four lab reports are Nos. H13-01903-1, H13-001903-2, H13-01903-3, and H13-01903-4.

> (A) Reveal the institution, progress or result of a criminal investigation, except the filing of criminal charges.
>
> . . . .

65 P.S. §67.708(b)(16). Attached to the denial was a verification from William A. Rozier (Rozier), the State Police's open records officer, attesting that the requested reports related to a criminal investigation.

The State Police also explained that because the requested reports include deoxyribonucleic acid (DNA) information, they are exempt from disclosure under Section 708(b)(19) of the Right-to-Know Law, 65 P.S. §67.708(b)(19), and Sections 2331(a) and 2334 of the DNA Detection of Sexual and Violent Offenders Act, 44 Pa. C.S. §§2331(a), 2334. Finally, the State Police stated that Section 9106(c)(4) of the Criminal History Record Information Act (CHRIA), 18 Pa. C.S. §9106(c)(4),[4] prohibits the State Police from disseminating investigative information, except to other criminal justice agencies. Finally, the State Police explained that it did not possess any records relating to Report Number 1303-008519 because that was an investigation of the Lancaster Police Department.

Requester appealed to the OOR, asserting that the State Police response was "incorrect" because the requested records contain exculpatory evidence. C.R., OOR Exhibit 1 at 3. The OOR offered both parties an opportunity to supplement

---

[4] Section 9106(c)(4) of CHRIA provides:

> Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic.

18 Pa. C.S. §9106(c)(4).

the record.  The State Police responded that it would rely on its final response to Requester, and Requester did not respond to the OOR's offer.

Concluding that a hearing was not necessary, the OOR issued a final determination that because the requested lab reports are related to a criminal investigation, they were exempt from disclosure under the Right-to-Know Law.  The OOR reasoned that Rozier's verification established the requested reports as relating to "a criminal investigation by the Lancaster Police Department."  OOR Final Determination at 5.  The OOR also noted that, on its face, the request "clearly seeks criminal, investigative records."  *Id*.  Requester implicitly acknowledged this fact in his appeal, which described the requested reports as used by the prosecution in a criminal trial.

Requester petitioned for this Court's review.

On appeal,[5] Requester raises two[6] issues in his Statement of Questions:

(1)    Did the [] State Police [] err in its assertion that the records requested are prevented from disclosure due to [CHRIA]?

(2)    Did the [] State Police [] err in not providing [Requester] the test results of physical evidence from specific criminal incidents used by a prosecutor[']s expert witness in a criminal trial?

Requester Brief at 6.  Requester's brief did not develop the argument based on the CHRIA issue, let alone cite any legal principles, statutes, or precedent.  Issues raised in a party's Statement of Questions, but thereafter not addressed or developed within the argument section of the brief, are deemed waived.  *Borough of Ulysses v. Mesler*,

---

[5] Our standard of review of a final determination of the OOR is *de novo*; our scope of review is plenary.  *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

[6] In his statement of questions involved, Requester listed the same issue twice.  *See* Requester Brief at 6.

986 A.2d 224, 227 (Pa. Cmwlth. 2009). Accordingly, we do not address Requester's first issue.

In his second issue, Requester argues that the State Police are required to produce the requested lab reports because they are *Brady*[7] materials that were used by the prosecution in his criminal trial. Requester Brief at 10-11. Requester argues the *Brady* materials are presumed public under the Right-to-Know Law.

The State Police responds that it met its burden of proving that the four lab reports are exempt from disclosure. Requester's argument on *Brady* materials has already been addressed and rejected in *Soto v. Pennsylvania State Police* (Pa. Cmwlth., No. 1119 C.D. 2017, filed May 7, 2018) (unreported),[8] and *Souffrant v. Pennsylvania State Police* (Pa. Cmwlth., No. 763 C.D. 2018, filed February 7, 2019) (unreported). We agree.

The Right-to-Know Law states that "[a] record in the possession of a Commonwealth agency or local agency shall be presumed to be a public record," unless "the record is exempt under [S]ection 708." Section 305 of the Right-to-Know Law, 65 P.S. §67.305. The Right-to-Know Law provides, in relevant part, as follows:

> (a) Burden of proof.--
>
>> (1) The burden of proving that a record of a Commonwealth agency or local agency is exempt from public access shall be on the Commonwealth agency or local agency receiving a request by a preponderance of the evidence.

---

[7] *Brady v. Maryland*, 373 U.S. 83, 87 (1963). In this case, the United States Supreme Court held that the prosecution's suppression of evidence favorable to the defendant violated due process.

[8] Parties may cite to unreported decisions of this Court issued after January 15, 2008, for their persuasive value, but not as binding precedent. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

. . . .

(b) Exceptions.--Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:

. . . .

(16) A record of an agency relating to or resulting in a criminal investigation, including:

. . . .

(ii) Investigative materials, notes, correspondence, videos and reports.

. . . .

(v) Victim information, including any information that would jeopardize the safety of the victim.

(vi) A record that, if disclosed, would do any of the following:

(A) Reveal the institution, progress or result of a criminal investigation, except the filing of criminal charges.

. . . .

Section 708(a) and (b) of the Right-to-Know Law, 65 P.S. §67.708(a) and (b).

In addition, a record is not a "public record" if it is "exempt from being disclosed under any other Federal or *State Law* or regulation or judicial order or decree[.]" Section 102 of the Right-to-Know Law, 65 P.S. §67.102 (emphasis added). One such state law is CHRIA, which states that "[i]nvestigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency[.]" 18 Pa. C.S. §9106(c)(4). "Investigative information" is defined as "[i]nformation assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing and may include modus operandi information." 18 Pa. C.S. §9102.

6

The precedent has addressed and disposed of Requester's argument. In *Barros v. Martin*, 92 A.3d 1243 (Pa. Cmwlth. 2014), the requester sought the criminal complaint file, forensic lab reports, confessions, polygraph test, records of emergency calls, an internal police "wanted" notice, arrest reports of an individual mistakenly apprehended, and signed witness statements. We held that if a request "on its face, relates to a criminal investigation, it is exempt," and such records remain exempt from disclosure even after the investigation is completed. *Id.* at 1250. Because the request for records related to a criminal investigation, they were held to be exempt from disclosure.[9]

In *Soto* (Pa. Cmwlth., No. 1119 C.D. 2017, filed May 7, 2018), the requester sought State Police records relating to testing of a liquid substance that a trooper had confiscated from the requester. The State Police denied the request, asserting that the lab report was exempt from disclosure under Section 708(b)(16)(ii) and (vi)(A) of the Right-to-Know Law and CHRIA because the report related to a criminal investigation. The requester appealed to the OOR, and it denied the appeal, and this Court affirmed. Because the lab report was done by the State Police Laboratory in conjunction with an open and ongoing criminal investigation, the requested record was exempt from disclosure.[10]

Here, the records sought by Requester relate to a criminal investigation of the Lancaster Police Department, which has submitted physical evidence to the State Police for forensic testing. These facts were established by Rozier's attestation. The State Police met its burden of proving that the requested records are

---

[9] In *Barros*, we also noted that these records could not be disclosed pursuant to CHRIA because the records related to investigative information. *Barros*, 92 A.3d at 1250.

[10] In *Soto*, we also held that the State Police met its burden of proving that the requested record was exempt from disclosure under CHRIA.

exempt from disclosure under Section 708(b)(16)(ii), (v), and (vi)(A) of the Right-to-Know Law.

Requester argues that he is entitled to *Brady* materials. *See generally Brady*, 373 U.S. at 87. However, that is not the legal question before us. The only question is whether the four lab reports in the possession of the State Police must be disclosed under the Right-to-Know Law. In *Souffrant* (Pa. Cmwlth., No. 763 C.D. 2018, filed February 7, 2019), the requester sought a copy of an ammunition and ballistics report prepared by the State Police in a homicide investigation, which the requester asserted to contain exculpatory evidence and, thus, had to be disclosed as *Brady* materials. This Court rejected the requester's claim, explaining that once the State Police established that the requested record related to a criminal investigation, that record was exempt under Section 708(b)(16)(ii) and (vi)(A) of the Right-to-Know Law. We explained that if the requester believed that he was entitled to the lab report because it related to his criminal conviction, the "Post Conviction Relief Act[11] . . . is the exclusive vehicle through which any relief in relation to a criminal conviction may be sought[.]" *Souffrant*, slip op. at 7 (quoting *Barros*, 92 A.3d at 1252).

Here, the State Police established that the requested lab reports related to a criminal investigation and, thus, are exempt from disclosure under Section 708(b)(16) of the Right-to-Know Law. Accordingly, to the extent Requester believes that he is entitled to the lab reports, this claim should be raised in a petition seeking post-conviction relief.

---

[11] 42 Pa. C.S. §§9541-9546.

Requester has not established any error in the OOR's final determination.  Accordingly, it is affirmed.

_____
MARY HANNAH LEAVITT, President Judge Emerita

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Souffrant,                        :
                    Petitioner          :
                                        :
          v.                            :          No. 1008 C.D. 2024
                                        :
Pennsylvania State Police (Office       :
of Open Records),                       :
                    Respondent          :

# **O R D E R**

AND NOW, this 20th day of November, 2025, the final determination of the Office of Open Records, dated July 12, 2024, is AFFIRMED.

 

MARY HANNAH LEAVITT, President Judge Emerita