**Commonwealth v. Dominick**

C.P. of Lackawanna County, No.13 CR 2273

*Eugene M. Talarico, Jr., William J. Fisher, Brian J. Gallagher* and *Jamie L. Davis*, for Commonwealth.
*Bernard J. Brown*, for defendant.

NEALON, *J.*, Sept. 3, 2014—On August 22, 2014, Joseph P. Kohut, III of The Scranton Times-Tribune submitted a written request for copies of letters that were delivered to the undersigned in connection with the sentencing of defendant, Jason Dominick ("Dominick"), on August 1, 2014. By order dated August 22, 2014, the Commonwealth and Dominick were directed to file, by no later than August 29, 2014, "their written response or position with respect to the release of those letters to The Scranton Times-Tribune." (Docket entry no. 122). On August 26, 2014, the Commonwealth filed its written response stating that "'the Commonwealth does not have an objection to the disclosure to The Scranton Times-Tribune of written letters submitted to the court in connection with the sentencing of Jason Dominick on August 1, 2014." (Docket entry no. 124). Defendant has not filed his written response or position in accordance with the order of August 22, 2014. Nevertheless, the request of The Scranton Times-Tribune is now ripe for disposition.

By way of relevant background, on May 10, 2014, Dominick was convicted of third-degree murder and

criminal conspiracy to commit third-degree murder relating to the shooting death of Frank Bonacci on July 20, 2013. (Transcript of proceedings ("T.P.") on 5/10/14 at pp. 15-16). Pursuant to Pa.R.Crim.P. 702(A) and 704, a presentence investigation report was ordered to be prepared within ninety days, (*Id.* at pp. 17-18), and Dominick's sentencing was scheduled for August 1, 2014. (Docket entry no. 94). In anticipation of that sentencing, the undersigned received, reviewed and considered twenty-one letters that were submitted by friends and family of Dominick and Frank Bonacci. (T.P. on 8/1/14 at pp. 3-4,51.). Defendant was sentenced to be incarcerated at a state correctional facility for a minimum period of forty years to a maximum term of eighty years. (*Id.* at pp. 52-53). Since Dominick's sentences in this case were ordered to run consecutively to the sentence of thirty months to sixty months incarceration that Dominick received for his conviction of theft by unlawful taking in *Com. v. Dominick*, No. 12 CR 53 (Lacka. Co.), Dominick's aggregate sentence was imprisonment for a minimum period of forty-two and one-half (42 ½) years to a maximum term of eighty-five (85) years. (*Id.* at pp. 53-54). Four weeks after Dominick's sentencing, The Scranton Times-Tribune filed the instant request for copies of the foregoing letters that were delivered to the undersigned in advance of the sentencing hearing.

Pennsylvania has long recognized a common law right of access to inspect and copy judicial records and documents.[1] *Guarrasi v. Scott*, 25 A.3d 394, 401 (Pa. Cmwlth. 2011). We have previously relied upon the

---

1. Federal and state courts have also "note[d] that there is a qualified first amendment right of access to certain judicial proceedings and documents." *Com. v. Martinez*, 917 A.2d 856, 860 (Pa. Super. 2007) (citing *Richmond Newspapers. Inc. v. Virginia*, 448 U.S. 555 (1980)).

common law right of access in refusing to seal settlements of newsworthy litigation of legitimate public concern, *see White v. Behlke*, 2009 WL 1498679, at *6-7 (Lacka. Co. 2009), or those involving the disbursement of public funds. *See Korczakowski v. Hwan*, 68 Pa. D. & C. 4th 129, 136-137 (Lacka. Co. 2004) (malpractice settlement partially paid by Medical Care Availability and Reduction of Error (MCare) Fund which was subsidized by excise taxes assessed on the sale or possession of cigarettes). As a threshold inquiry under the common law right to access doctrine, the reviewing court must determine whether the documents sought to be examined or copied are "public judicial documents." *Barros v. Martin*, 92 A.3d 1243, 1251 n. 10 (Pa. Cmwlth. 2014); *Com. v. Martinez*, 917 A.2d at 860. "Documents that are filed with the court and, in particular, those that are used by the judge in rendering a decision are clearly considered public judicial documents." *Guarrasi, supra* (quoting *Com. v. Long*, 592 Pa. 42, 52, 922 A.2d 892, 898 (2007)). However, "the right to inspect judicial documents is not absolute," *Barros, supra*, and courts possess supervisory power over their records and may withhold a record from public inspection if the common law right of access is outweighed by countervailing factors. *Martinez*, 917 A.2d at 862 (quoting *Com. v. Fenstermaker*, 515 Pa. 501, 513, 530 A.2d 414, 420 (1987)). A trial court's decision regarding access to judicial documents is within the sound discretion of the trial court, and will be reversed on appeal only for an abuse of that discretion. *Com. v. Phillips*, 946 A.2d 103, 108 (Pa. Super. 2008), *app. denied*, 600 Pa. 745, 964 A.2d 895 (2009), *cert. denied*, 556 U.S. 1264 (2009).

In *Martinez*, the Superior Court of Pennsylvania squarely addressed "whether the news media enjoys a common law right of access, after sentencing in a

criminal case, to letters presented to the sentencing court by defense counsel on a defendant's behalf." *Martinez*, 917 A.2d at 858. After observing that "[t]he threshold inquiry in a case where a common law right of access is asserted is whether the documents sought to be disclosed constitute public judicial documents," the *Martinez* court "emphasized that the level of the reliance placed on a document in the judicial decision-making process is a key factor in making this determination." *Id.* at p. 860. Writing for the unanimous court, Judge Jack Panella concluded:

> Given the open nature of criminal trials, and sentencing proceedings in particular, we find that letters submitted to a sentencing court by defense counsel at the time of sentencing, which the sentencing court explicitly reviews in preparation for sentencing, are public judicial documents regardless of whether the sentencing court formally dockets the letters. As public judicial documents, there is a presumption of public access to the documents.

*Id.* at 861-862.

Although the classification of the letters as "public judicial documents" creates a presumption of access, "[w]here the presumption of openness attached to a public judicial document is outweighed by circumstances warranting closure of the document to public inspection, access to the document may be denied." *Id.* at 862 (quoting *Fenstermaker*, 515 Pa. at 513, 530 A.2d at 420); *accord, Barros, supra.* If no such "countervailing factors" are identified, access to the public judicial document should be granted. *Martinez*, 917 A.2d at 862-863. Since "the Commonwealth, Martinez and the sentencing court failed to identify any countervailing factors," the Superior Court held that the letters presented to the sentencing court were

discoverable and "that the sentencing court abused its discretion in denying the [newspaper's] motion for access to the letters." *Id.* (emphasis in original).

The transcript of Dominick's sentencing hearing on August 1, 2014, confirms that the undersigned "did receive and review and consider twenty-one letters that were submitted by family and friends of the victim [Bonacci] and the defendant [Dominick]." (T.P. 8/1/14 at p. 3). Since those letters were reviewed and considered as part of the sentencing process in this case, they constitute "public judicial documents" under *Martinez*, regardless of whether they were submitted by the defense, the Commonwealth, or concerned citizens. Furthermore, inasmuch as neither the Commonwealth nor Dominick has identified any "countervailing factors" or other reasons why public access to the twenty-one letters should be denied, they are clearly discoverable by The Scranton Times-Tribune. Consequently, the written request for copies of the letters will be granted.

And now, this 3rd day of September, 2014, upon consideration of the written request by Joseph P. Kohut, III, of The Scranton Times-Tribune for access to and copies of letters delivered to the undersigned in connection with the defendant's sentencing on August 1, 2014, and in light of the lack of any stated opposition thereto by the Commonwealth and defendant, and based upon the reasoning set forth above, it is hereby ordered and decreed that the written request of The Scranton Times-Tribune for copies of the twenty-one letters submitted to the undersigned in connection with the sentencing of defendant, Jason Dominick, on August 1, 2014, is granted, and that those letters shall be furnished to Joseph P. Kohut, III, of The Scranton Times-Tribune.