IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Miguel Perez,                          :
                            Appellant      :
                                           :
        v.                                 :   No. 394 C.D. 2017
                                           :   Submitted: June 16, 2017
Craig W. Stedman                           :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                              FILED: July 12, 2017


        Jose Miguel Perez (Perez) appeals *pro se* an order of the Court of Common Pleas of Lancaster County (trial court) which denied Perez's appeal from the District Attorney of Lancaster County (District Attorney) Craig W. Stedman's denial of his request filed pursuant to the Right-to-Know-Law (RTKL)[1] for tapes and tape-recorded conversations in connection with two criminal cases brought against Perez in 1991. We affirm.

        On October 3, 2016, Perez, an inmate at the State Correctional Institution at Frackville, filed a RTKL request with the District Attorney seeking

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

copies of "[t]apes, tape recorded conversations in connection with Commonwealth v. Jose Miguel Perez, No. 1533 and 1497 of 1991." (Exhibit A to Certified Record (C.R.) Item 1, RTKL Appeal.) By letter dated October 7, 2016, the District Attorney's Open Records Officer denied the request because the requested records were exempt from disclosure as criminal investigative records and information under Section 708(b)(16) of the RTKL, 65 P.S. § 67.708(b)(16), and under Section 9106(c)(4) of the Criminal History Record Information Act (CHRIA), 18 Pa. C.S. § 9106(c)(4).

Perez filed an appeal with the District Attorney's Open Records Appeals Officer[2] (Appeals Officer) claiming the requested records were not exempt from disclosure because they were used by the District Attorney at Perez's criminal trial over 25 years ago and were made part of the criminal record. Following review of the documentation related to Perez's original request and his appeal, the Appeals Officer denied the appeal. Perez then appealed to the trial court. By order dated December 8, 2016, the trial court affirmed the Appeals Officer's determination.

---

[2] Section 503(a)(2) of the RTKL, 65 P.S. § 67.503(a)(2), provides that the Office of Open Records shall designate an appeals officer for all local agencies, with the exception that:

> The district attorney of a county shall designate one or more appeals officers to hear appeals under Chapter 11 relating to access to criminal investigative records in possession of a local agency of that county. The appeals officer designated by the district attorney shall determine if the record requested is a criminal investigative record.

Section 503(d)(2) of the RTKL, 65 P.S. § 67.503(d)(2).

On appeal to this Court,[3] Perez argues that the trial court erred and abused its discretion in upholding the Appeals Officer's determination that the requested records were exempt from disclosure. Perez argues that the District Attorney waived the investigative exception under the RTKL and CHRIA when it offered the requested records as evidence at his criminal trial. We disagree.

Section 102 of the RTKL defines a "public record" as:

> A record, including a financial record, of a Commonwealth or local agency that:
>
> (1) is not exempt under section 708;
>
> (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or
>
> (3) is not protected by a privilege.

65 P.S. § 67.102. Section 708(b) of the RTKL sets forth the exceptions from the definition of "public record" and provides, in pertinent part, as follows:

> **(b) Exceptions.--**Except as provided in subsections (c) and (d), the following are exempt from access by a requester under this act:

---

[3] Because there are no facts in dispute, our review is limited to determining whether the trial court committed an error of law, violated any constitutional rights, or abused its discretion. *Barros v. Martin*, 92 A.3d 1243, 1247, n.5 (Pa. Cmwlth. 2014) (citing *SWB Yankees LLC v. Wintermantel*, 999 A.2d 672, 674 n.2 (Pa. Cmwlth. 2010), *aff'd*, 45 A.3d 1029 (Pa. 2012)). "The scope of review for a question under the [RTKL] is plenary." *Wintermantel*, 999 A.2d at 674, n.2 (quoting *Stein v. Plymouth Township*, 994 A.2d 1179, 1181 n.4 (Pa. Cmwlth. 2010)).

* * *

(16) A record of an agency relating to or resulting in a criminal investigation, including:

* * *

(ii) Investigative materials, notes, correspondence, videos and reports.

65 P.S. § 67.708(b)(16)(ii). Therefore, "if a record, on its face, relates to a criminal investigation, it is exempt under the RTKL pursuant to Section 708(b)(16)(ii)." *Barros v. Martin*, 92 A.3d 1243, 1250 (Pa. Cmwlth. 2014) (citations omitted). As this Court has repeatedly held, criminal investigative records remain exempt from disclosure even after an investigation is completed. *Id.* (citing *Sullivan v. City of Pittsburgh, Department of Public Safety*, 561 A.2d 863, 865 (Pa. Cmwlth. 1989)).

In addition, a record is not considered a public record under the RTKL if it is exempt under any other State law, such as CHRIA that also precludes the release of records. *See* Section 102 of the RTKL, 65 P.S. § 67.102; *see also Barros*, 92 A.3d at 1250 (citing *Coley v. Philadelphia District Attorney's Office*, 77 A.3d 694, 697 (Pa. Cmwlth. 2013)). Section 9106(c)(4) of CHRIA provides that "[i]nvestigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties. . . ." 18 Pa. C.S. § 9106(c)(4). CHRIA defines the term "investigative information" as "[i]nformation assembled as a result of the performance of any inquiry, formal or informal, into a criminal

4

incident or an allegation of criminal wrongdoing and may include modus operandi information." 18 Pa. C.S. § 9102.

Perez's own request makes clear that the requested records are investigative materials or information as he specifically states that he is seeking "[t]apes, tape recorded conversations *in connection with*"[4] two criminal cases brought against him, making the requested records exempt from disclosure under both the RTKL and CHRIA. Nonetheless, Perez contends that the investigative exceptions under the RTKL and CHRIA were waived because the tapes were offered into evidence.

In general, a law enforcement agency cannot waive an exemption under the RTKL when disclosure of the requested material is expressly prohibited by state or federal law, as is the case here. *See* Section 506(c) of the RTKL, 65 P.S. § 67.506(c); *Barros*, 92 A.3d at 1251 (citations omitted). Specifically, as to whether the investigative exemption is waived once those records are introduced at trial, in *Coley*, we cited with approval our unpublished opinion in *Arroyo v. District Attorney of Lancaster*, (Pa. Cmwlth., No. 1624 C.D. 2010, filed June 29, 2011) that addressed that issue. In *Arroyo*, the requester sought the release of forensic slides and hair samples used by the district attorney as evidence in his criminal trial. The district attorney's office denied the request because the records sought were investigative materials. We rejected the requester's argument that because "the Commonwealth introduced the slides and hair samples into evidence

---

[4] (Exhibit A to C.R. Item 1, RTKL Appeal) (emphasis added).

5

in the trial against him, it waives any claim that the materials are exempt from the [RTKL]." *Id.*, slip opinion at 5. We rejected that argument because those records were "assembled as a result of the performance of an inquiry . . . into a criminal incident." *Id.*, slip opinion at 9. In effect, we held that an exempt record did not change its character just because it was offered in some other proceeding. If the records from that proceeding are public, then the requestor has to obtain access from the custodian of the records of that proceeding. In this case, Perez can seek access to the requested records by obtaining the trial record or, more appropriately, from his attorney who would have been provided copies of the tapes as part of the pretrial exchange of evidence.[5]

Accordingly, because the tapes contained in the District Attorney's investigative file remain exempt from disclosure as criminal investigative records and investigative information pursuant to the RTKL and CHRIA, even though they were offered into evidence, the order of the trial court is affirmed.

DAN PELLEGRINI, Senior Judge

---

[5] While not part of the record before the trial court, the District Attorney submitted excerpts from the transcript of Perez's criminal trial attached to his brief filed with this Court. These excerpts demonstrate that six audio cassette recordings of conversations between Perez and a police informant were entered into evidence and that copies of all six tapes were provided to Perez's defense attorney.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Miguel Perez,                          :
                Appellant                    :
                                 :
            v.                           :   No. 394 C.D. 2017
                                 :
Craig W. Stedman                            :

# **O R D E R**

AND NOW, this 12<u>th</u> day of <u>July</u>, 2017, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is affirmed.

 

 

                                                      _____
                                                      DAN PELLEGRINI, Senior Judge