IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hector Soto,              :
                                   :
              Petitioner     :
                                     :
            v.               :   No. 1119 C.D. 2017
                                   :   Submitted: February 16, 2018
Pennsylvania State Police,    :
                                     :
            Respondent   :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                                FILED: May 7, 2018

Hector Soto (Requester) petitions *pro se* for review of the Final Determination of the Office of Open Records (OOR) denying his appeal of the Pennsylvania State Police's (PSP) denial of his request (Request) for a copy of laboratory results of testing conducted on a liquid substance (PSP Lab Report No. H17-05486) pursuant to the Right-to-Know Law (RTKL).[1] We affirm.

Requester is an inmate at the State Correctional Institution at Huntingdon (SCI-Huntingdon). On May 10, 2017, Requester submitted the Request to PSP seeking a copy of records relating to testing conducted on a liquid substance that a PSP trooper confiscated from Requester on March 9, 2017. On June 16, 2017, PSP denied the Request, asserting that the responsive record, PSP Lab Report No.

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101 – 67.3104.

H17-05486, is exempt from disclosure under Section 708(b)(16)(ii) and (vi)(A) of the RTKL[2] and the Criminal History Record Information Act (CHRIA)[3] because it relates to a criminal investigation.

On June 28, 2017, Requester appealed to OOR challenging the denial and asserting grounds for disclosure. OOR invited the parties to supplement the record and directed PSP to notify any third parties of their ability to participate in the appeal pursuant to Section 1101(c) of the RTKL.[4] PSP submitted a position statement reasserting its grounds for denial along with the notarized affidavit of William A. Rozier, the Agency Open Records Officer (Officer Rozier). *See* Certified Record (CR) Item 3. Officer Rozier stated that he personally examined PSP Lab Report No. H17-05486 and that it "was compiled by forensic scientists working for [PSP] Harrisburg Regional Laboratory in conjunction with a request by PSP Troop G-Huntingdon related to an open and ongoing criminal investigation."

---

[2] 65 P.S. §67.708(b)(16)(ii), (vi)(A). Section 708(b)(16)(ii) and (vi)(A) states, "the following are exempt from access by a requester under this act: . . . A record of an agency relating to or resulting in a criminal investigation, including: . . . Investigative materials, notes, correspondence, videos and reports[,]" as well as "[a] record that, if disclosed, would . . . [r]eveal the institution, progress or result of a criminal investigation, except the filing of criminal charges."

[3] 18 Pa. C.S. §§9101-9183. Specifically, Section 9106(c)(4) states, "Investigative and treatment information shall not be disseminated to any . . . individual unless the . . . individual requesting the information is a criminal justice agency which requests the information in connection with its duties[.]" 18 Pa. C.S. §9106(c)(4). In turn, Section 9102 defines "investigative information" as "[i]nformation assembled as a result of the performance of any inquiry, formal or informal, into a criminal incident or an allegation of criminal wrongdoing[.]" 18 Pa. C.S. §9102.

[4] 65 P.S. §67.1101(c). Section 1101(c)(1) states, in relevant part, "A person other than the agency or requester with a direct interest in the record subject to an appeal under this section may, within 15 days following receipt of actual knowledge of the appeal . . . file a written request to provide information or to appear before the appeals officer or to file information in support of the requester's or agency's position." 65 P.S. §67.1101(c)(1).

CR Item 3, Appendix at 2. He also stated that "[t]he lab report documents the findings of forensic scientists" and that he withheld the responsive report from disclosure because it is exempt under Section 708(b)(16)(ii) of the RTKL and CHRIA because it relates to a criminal investigation. *Id.*

On appeal, OOR found that "PSP provided evidence establishing that as part of its investigation, forensic scientists conducted lab tests and prepared a lab report with their findings." CR Item 4 at 4. OOR concluded, "Based on the evidence presented, the PSP has met its burden of proving that the responsive lab report is related to a criminal investigation, and therefore is exempt from disclosure." *Id.* As a result, OOR denied Requester's appeal.

On appeal to this Court,[5] Requester argues that OOR abused its discretion and PSP denied his due process rights by failing to provide him with a copy of PSP Lab Report No. H17-05486 or the results of laboratory testing of the liquid substance confiscated by the trooper. Requester asserts that criminal charges have not been filed based on his possession of the liquid substance, which the trooper believed was synthetic heroin, but that disciplinary measures have been imposed as a result of its confiscation. Requester contends that the tortuous treatment that he has received over the liquid substance is outrageous because it is not a narcotic, but a scented soap oil. Requester contends that he needs documentary proof from PSP that the confiscated liquid substance is not a narcotic or illegal substance to remove the disciplinary measures that have been imposed by the prison officials.

However, the RTKL requires Commonwealth agencies to produce documents that are "public records" in response to a RTKL request. Section 301(a)

---

[5] In an appeal of an OOR Final Determination involving Commonwealth agencies, our standard of review is *de novo*, and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

of the RTKL, 65 P.S. §67.301(a). Section 305 of the RTKL provides, in pertinent part, that "[a] record in the possession of a Commonwealth agency or local agency shall be presumed to be a public record," unless "the record is exempt under [S]ection 708." 65 P.S. §67.305. The RTKL defines a "public record" as "[a] record, including a financial record, of a Commonwealth . . . agency that: (1) is not exempt under [S]ection 708 . . . ." Section 102 of the RTKL, 65 P.S. §67.102.

As noted above, Section 708(b)(16)(ii) and (vi)(A) exempt from disclosure "[a] record of an agency relating to or resulting in a criminal investigation, including: . . . Investigative materials, notes, correspondence, videos and reports[,]" as well as "[a] record that, if disclosed, would . . . [r]eveal the institution, progress or result of a criminal investigation, except the filing of criminal charges." 65 P.S. §67.708(b)(16)(ii), (vi)(A).

The agency receiving the request bears the burden of proving the record is exempt by a preponderance of the evidence. Section 708(a) of the RTKL, 65 P.S. §67.708(a). The preponderance of the evidence standard, which is "the lowest evidentiary standard, is tantamount to a more likely than not inquiry." *Delaware County v. Schaefer ex rel. Philadelphia Inquirer*, 45 A.3d 1149, 1156 (Pa. Cmwlth. 2012). An agency can meet its burden of proof through affidavits. *Moore v. Office of Open Records*, 992 A.2d 907, 909 (Pa. Cmwlth. 2010).

With regard to Section 708(b)(16)'s criminal investigation exemption, and the prohibition in CHRIA, this Court has previously held that documents requested by a prisoner from a county district attorney relating to his homicide investigation are exempt from disclosure. *Barros v. Martin*, 92 A.3d 1243, 1249 (Pa. Cmwlth.), *appeal denied*, 97 A.3d 745 (Pa. 2014). Specifically, we determined that the RTKL and CHRIA prohibited the release of the following records: the

4

criminal complaint file; forensic laboratory reports; any confession and record of a polygraph of the alleged perpetrator; records of emergency calls; an internal police "wanted" notice; arrest reports of those mistakenly apprehended; and signed witness statements. *Id.* at 1250.

Upon review of Officer Rozier's affidavit, we are satisfied that PSP met its burden of proving that the requested record is exempt from disclosure under Section 708(b)(16)(ii) and (vi)(A) of the RTKL and Section 9106(c)(4) of CHRIA. *Moore*. As a result, in the instant case, PSP Lab Report No. H17-05486 is protected from disclosure. *See Barros*, 92 A.3d at 1250 ("[I]f a record, on its face, relates to a criminal investigation, it is exempt under the RTKL pursuant to Section 708(b)(16)(ii). Criminal investigative records remain exempt from disclosure under the RTKL even after the investigation is completed. Also, a record is not considered a public record under Section 102 of the RTKL if it is 'exempt under any other State or Federal Law,' including the CHRIA.") (citations omitted).[6]

---

[6] Although the RTKL was not the proper avenue for Requester to contest the confiscation of the liquid substance or the imposition of disciplinary measures for its possession, other remedies were available. *See, e.g.*, Section 93.9 of the Department of Corrections' (Department) regulations, 37 Pa. Code §93.9 ("The Department will maintain an inmate grievance system which will permit any inmate to seek review of problems which the inmate experiences during the course of confinement. The system will provide for review and resolution of inmate grievances at the most decentralized level possible. It will also provide for review of the initial decision making and for possible appeal to the Central Office of the Department."); Section 93.10 of the Department's regulations, 37 Pa. Code §93.10 (providing procedures relating to inmate misconduct and the imposition of discipline including written notice, a hearing, an opportunity for the inmate to present evidence, and an appeal from an adverse decision); Section 93.11(b) of the Department's regulations, 37 Pa. Code §93.11(b) (relating to procedures regarding confinement in the restricted housing unit). *See also* Section 1(A)(7) of Department Policy DC-ADM 804 ("Issues concerning a specific inmate misconduct charge, conduct of a hearing, statements written within a misconduct and/or other report, a specific disciplinary sanction, and/or the reasons for placement in administrative custody will not be addressed through the Inmate Grievance System and must be addressed through Department Policy DC-ADM 801, 'Inmate Discipline' and/or DC-ADM 802,

Accordingly, OOR's Final Determination is affirmed.



MICHAEL H. WOJCIK, Judge

'Administrative Custody Procedures.' Issues other than specified above must be addressed through the Inmate Grievance System."); Section 3(C)(7) Note of Department Policy DC-ADM 815 ("All items deemed to be contraband will be destroyed or otherwise disposed of. . . . Destruction of contraband will ONLY occur after the inmate's misconduct hearing is held and the misconduct appeal process is exhausted. When an inmate files a grievance regarding confiscated contraband, destruction of the property will only occur after the appeal process has been exhausted.").

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Hector Soto,                 :
                                   :
            Petitioner    :
                                     :
             v.               : No. 1119 C.D. 2017
                                     :
Pennsylvania State Police,    :
                                     :
           Respondent : 

## O R D E R

AND NOW, this 7th day of May, 2018, the Final Determination of the Office of Open Records dated July 26, 2017, at AP 2017-1281, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge