IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Souffrant,               :
        Petitioner     :
               :
      v.            :  No. 763 C.D. 2018
               :  Submitted: October 26, 2018
Pennsylvania State Police,  :
        Respondent   :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT            FILED: February 7, 2019

Kevin Souffrant (Requester), *pro se*, petitions for review of a final determination of the Office of Open Records (OOR) denying his appeal under the Right-to-Know Law.[1]  In doing so, OOR affirmed the decision of the Pennsylvania State Police that an ammunition and ballistics report requested by Requester was exempt from disclosure.  Requester contends the State Police did not meet its burden of proving an exception under the Right-to-Know Law because the government is required to provide exculpatory evidence in a criminal case.  We affirm.

Requester is incarcerated at the State Correctional Institution at Huntingdon.  On March 6, 2018, the State Police received a written request from him, seeking the following information under the Right-to-Know Law:

> I [relating to Case No. 1303-008519] would like you to send me a full and unedited copy of an Ammunition and Ballistics report

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101-67.3104.

made by Trooper Michael J. Fortley, … a firearm and tool mark examiner.

The document(s) I want and need are a full and unedited copy of all the possible make, model, caliber, barrel length, or the weapon or weapons that could have discharged those bullets and a copy of any and every comparisons made to determine if those discharged bullets were fired from the same unknown firearm or firearms. As a result, I want and need a copy of any and every reports generated of examinations that w[ere] conducted by Trooper Michael J. Fortley, for firearms and ballistics, which were authored by him or anyone else.

Certified Record (C.R. __), Item No. 1 at 2.

On April 12, 2018,[2] the State Police denied the Request but acknowledged having a report associated with Case No. 1303-008519. The report was completed at the request of the Lancaster City Police Department that the State Police assist it in the investigation of a homicide. The State Police asserted that the report was exempt from disclosure as information related to a criminal investigation that, if disclosed, would reveal the progress or result of the investigation. The State Police cited Section 708(b)(16) of the Right-to-Know Law, which states, in relevant part, as follows:

(b) Exceptions.--Except as provided in subsections (c) [(relating to financial records)] and (d) [(relating to aggregated data)], the following are exempt from access by a requester under this act:

(16) A record of an agency relating to or resulting in a criminal investigation, including:

\*\*\*

---

[2] On March 13, 2018, the State Police advised Requester that it would need an additional 30 days to review the matter, as permitted by Section 902(b) of the Right-to-Know Law, 65 P.S. §67.902(b).

2

(ii) Investigative materials, notes, correspondence, videos and reports.

***

(vi) A record that, if disclosed, would do any of the following:

(A) Reveal the institution, progress or result of a criminal investigation, except the filing of criminal charges.

65 P.S. §67.708(b)(16). Additionally, the State Police claimed the report was exempt under Section 9106(c)(4) of the Criminal History Record Information Act (CHRIA), 18 Pa. C.S. §9106(c)(4), which prohibits criminal justice agencies from disseminating investigative information, except to other criminal justice agencies.[3]

Requester appealed to OOR, which offered both parties an opportunity to supplement the record. The State Police submitted a notarized affidavit from William Rozier, its open records officer, attesting that the report was exempt because it relates to a criminal investigation. Requester submitted a statement claiming the report was not exempt "because by not disclosing the information requested [it] has and will continue to deprive [him] of the right to a fair trial or an impartial adjudication." OOR Appeal, C.R. Item No. 4 at 2. Further:

---

[3] Section 9106(c)(4) of CHRIA provides:

Investigative and treatment information shall not be disseminated to any department, agency or individual unless the department, agency or individual requesting the information is a criminal justice agency which requests the information in connection with its duties, and the request is based upon a name, fingerprints, modus operandi, genetic typing, voice print or other identifying characteristic.

18 Pa. C.S. §9106(c)(4).

> Although my counsel or I may have had the opportunity to request a copy of the above-mentioned document(s) during the Discovery Process, which requires the Prosecution to comport with principles of Due Process by producing Exculpatory or Inculpatory evidence, that process and those principles are still applicable. The Supreme Court held that Due Process required that the government produce all "Exculpatory" evidence, which includes both material that go[es] to the heart of the defendant's guilt or innocence and material that might affect the jury's judgment or the credibility of a crucial prosecution witness.

*Id*.

OOR concluded a hearing was not necessary and issued a final determination that the report related to a criminal investigation and, if disclosed, would reveal the progress or result of the investigation. As such, the report was exempt from disclosure under Section 708(b)(16)(ii) and (vi)(A) of the Right-to-Know Law.[4] OOR based its conclusion on Rozier's affidavit. Therein, Rozier identified one report responsive to the request, compiled by Trooper Fortley, a firearm and tool examiner. Trooper Fortley prepared the report at the request of the Lancaster City Police Department, which sought his assistance on a homicide investigation. The report contained Trooper Fortley's findings after his examination of bullets recovered from the crime scene.

Requester has petitioned for this Court's review.[5] He argues that OOR erred in denying his request because the Right-to-Know Law must be construed to maximize access to public records and because the government is required to produce exculpatory evidence in a criminal case. The State Police responds that it

---

[4] Because OOR found the report was exempt under Section 708(b)(16) of the Right-to-Know Law, it did not address whether it was also exempt under CHRIA.

[5] Our standard of review of a final determination of OOR is *de novo*; our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

4

met its burden of proving the report is exempt from disclosure and Requester's arguments have already been addressed and rejected in *Barros v. Martin*, 92 A.3d 1243 (Pa. Cmwlth. 2014).

In *Barros*, the requester submitted a Right-to-Know Law request to the district attorney. He sought records related to his homicide conviction, including, *inter alia*, State Police forensic lab reports. The requester asserted that the district attorney acted improperly by not providing him with the records prior to his criminal trial. The requester argued that, as a result, the district attorney waived the exemptions generally applicable to the release of such records. The requester further asserted that the "public interest aspects of release elevated the need for disclosure of the records." *Id*. at 1246.

The district attorney's Right-to-Know Law officer denied the request based upon Section 708(b)(16)(ii) and the requester appealed. An appeals officer designated by the district attorney heard the appeal and, following *in camera* review, issued a determination that the records were exempt under Section 708(b)(16)(ii).

The requester appealed to the trial court. In addition to seeking judicial review of the district attorney's decision under the Right-to-Know Law, the requester sought access to the records through civil actions seeking declaratory judgment and a writ of mandamus. The trial court denied the appeal, finding that the records were exempt under Section 708(b)(16)(ii) and the requester could not collaterally attack alleged irregularities in his criminal prosecution by way of a civil action. Instead, the exclusive mechanism to challenge his criminal prosecution was the Post Conviction Relief Act, 42 Pa. C.S. §§9541-9546.[6]

---

[6] The trial court also determined the requester's appeal was untimely. On appeal, this Court found the trial court erred in that regard. However, because the trial court also addressed the merits of the appeal, we found remand unnecessary.

5

The requester appealed to this Court. He acknowledged the exemption in Section 708(b)(16)(ii) of the Right-to-Know Law for criminal investigative records, but argued that Section 506(c)(3) allows an agency to disclose a record if it favors the public interest. The requester also asserted that, as an accused, he was entitled to the information in his criminal case. We rejected his first claim, stating that Section 506(c)(3) prohibited the district attorney from releasing a record in the public interest where disclosure is prohibited by "Federal or State Law or regulation." 65 P.S. §67.506(c)(3).[7] The requested documents were protected from disclosure not only by Section 708(b)(16)(ii) but also by CHRIA. We rejected the requester's second claim, stating that his attempt to obtain access to the records through mandamus and declaratory relief was improper because "the Post Conviction Relief Act is the vehicle through which he may challenge the alleged withholding of documents that may have impacted his criminal trial." *Id.* at 1252.

Here, Requester was convicted of first-degree murder and related offenses and sentenced to a mandatory term of life imprisonment on July 3, 2014. His sentence was affirmed on appeal, as was a petition for collateral relief filed under

---

[7] In full, Section 506(c)(3) states:

> (c) Agency discretion.--An agency may exercise its discretion to make any otherwise exempt record accessible for inspection and copying under this chapter, if all of the following apply:
>> (1) Disclosure of the record is not prohibited under any of the following:
>>> (i) Federal or State law or regulation.
>>> (ii) Judicial order or decree.
>> (2) The record is not protected by a privilege.
>> (3) The agency head determines that the public interest favoring access outweighs any individual, agency or public interest that may favor restriction of access.

65 P.S. §67.506(c)(3).

the Post Conviction Relief Act. *Commonwealth v. Souffrant* (Pa. Super., No. 217 MDA 2017, filed September 15, 2017).

Requester claims a right to the ballistics report because the Right-to-Know Law must be construed to promote governmental transparency and protect the public's right of access to government information. Requester also contends that the report contains exculpatory evidence to which he was entitled under *Brady v. Maryland*, 272 U.S. 83 (1963). Based on *Barros*, we reject Requester's claims. The State Police established that the report relates to a criminal investigation and is exempt under Section 708(b)(16)(ii) and (vi)(A) of the Right-to-Know Law. There is no public right of access to the report that trumps the exemption. Moreover, if Requester believes he is entitled to the documents because they relate to his criminal conviction, the "Post Conviction Relief Act … is the exclusive vehicle through which any relief in relation to a criminal conviction may be sought[.]" *Barros*, 92 A.3d at 1252 (quoting internally to the trial court opinion; citation omitted). Requester has not established error.

Accordingly, the final determination of OOR is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin Souffrant,            :
         Petitioner          :
                               :
         v.                     :    No. 763 C.D. 2018
                               :
Pennsylvania State Police,    :
         Respondent      :

## **O R D E R**

AND NOW, this 7th day of February, 2019, the final determination of the Office of Open Records, dated May 22, 2018, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge